JCC
JC/LBG: USAO 2023R00370



USDC - GREENBELT
'23 JUN 28 PM 4:42

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO. 23-cr00226 DLB |
| | * | |
| DAVID RICHARD MILLER, | * | (Distribution of Child Pornography, |
| | * | 18 U.S.C. § 2252A(a)(2); Forfeiture, |
| Defendant | * | 18 U.S.C. § 2253, 21 U.S.C. § 853(p), |
| | * | 28 U.S.C. § 2461(c)) |
| | * | |

*******

## INDICTMENT

### COUNT ONE
### (Distribution of Child Pornography)

The Grand Jury for the District of Maryland charges that:

On or about March 2, 2023, in the District of Maryland and elsewhere, the defendant,

**DAVID RICHARD MILLER,**

did knowingly distribute child pornography and material that contained child pornography, as defined in 18 U.S.C. § 2256(8), using any means and facility of interstate and foreign commerce and that had been shipped and transported in and affecting interstate and foreign commerce by any means, including by computer.

18 U.S.C. § 2252A(a)(2) and (b)(1)

## FORFEITURE ALLEGATION

The Grand Jury for the District of Maryland further finds that:

1. Pursuant to Federal Rule of Criminal Procedure 32.2, notice is hereby given to the defendant that the United States will seek forfeiture as part of any sentence in accordance with 18 U.S.C. § 2253, 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c), as a result of the defendant's conviction under Count One of this Indictment.

### Child Pornography Forfeiture

2. Pursuant to 18 U.S.C. § 2253(a), upon conviction of the offense set forth in Count One of this Indictment, the defendant,

**DAVID RICHARD MILLER,**

shall forfeit to the United States:

    a. Any visual depiction described in Title 18, United States Code, Sections, 2251, 2251A, 2252, or 2252A, 2252B, or 2260 or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped, received, or possessed in violation of Title 18, United States Code, Chapter 110;

    b. Any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from the offense; and

    c. Any property, real or personal, used or intended to be used to commit or to promote the commission of the offense or any property traceable to such property.

3. The property to be forfeited includes, but is not limited to, the following electronic devices seized from the Defendant's residence on March 8, 2023, that is:

    a. Samsung Cell Phone with IMEI: 350779536391159;

2

    b.   Samsung Galaxy S10 Cell Phone with IMEI: 357295100723266; and

    c.   Silver MacBook Pro with serial no. XKFJJ95VK0.

### Substitute Assets

4. If any of the property described above, as a result of any act or omission of the Defendant:

    a.   cannot be located upon the exercise of due diligence;

    b.   has been transferred or sold to, or deposited with, a third party;

    c.   has been placed beyond the jurisdiction of the court;

    d.   has been substantially diminished in value; or

    e.   has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property up to the value of the forfeitable property described above pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 2253(b) and 28 U.S.C. § 2461(c).

18 U.S.C. § 2253
21 U.S.C. § 853(p)
28 U.S.C. § 2461(c)

_____
Erek L. Barron
United States Attorney

A TRUE BILL:

**SIGNATURE REDACTED**

6/28/23
Date